IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA PETRELLA )<br>)<br>      Plaintiff, )<br>   v. )<br>)<br>WELTMAN, WEINBERG & REIS, CO., )<br>L.P.A. )<br>      Defendants. ) | CASE NO: |

## COMPLAINT

**Nature of the Action**

1. This Court has federal question jurisdiction.

2. Plaintiff Petrella lives in this District, the facts as to Petrella's claim occurred in this District and Defendant Weltman, Weinberg & Reis, Co, L.P.A. transacts business in this District.

3. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant, Weltman Weinberg & Reis, Co, LPA. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C., §1692, et seq. ("FDCPA") and Invasion of Privacy Intrusion Upon Seclusion.

4. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give consumers certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692eg.

**Parties**

5.     Defendant Weltman, Weinberg & Reis, Co., LPA ("WWR") is a law firm with its principal place of business in Cleveland, Ohio.  WWR operates as a debt collector as defined by the FDCPA.

6.     Plaintiff lives in Lawrence County, Pennsylvania.  She is a consumer as defined by the FDCPA.

**Facts**

7.     Defendant had been attempting to collect from plaintiff a credit card debt incurred for personal, family or household purposes and not for the purpose of business.

8.     Defendant obtained a judgment on behalf of the creditor against plaintiff.

9.     Defendant sent Plaintiff a letter in the form attached as Exhibit A.

10.    Exhibit A is a form or template document, sent by Defendant to consumers against whom judgments have been entered, with the name of the consumer, name of the creditor, amount, and file number inserted as appropriate.

**Violations of the FDCPA**

11.    Exhibit A threatens a series of "legal action(s) to enforce our client's Judgment, including but not limited to requesting that a Write of Execution in the full amount due plus additional interest and cost(s) be issued.  [¶] In connection with the Writ of Execution, we may direct the Sheriff to take inventory of and levy against your property; to Garnish (Attach) your bank account, and to seize and sell your personal possessions at Public Auction……."

12.    These statements are false and misleading, in that there are substantial exemptions for personal property, bank accounts, and personal possessions.  By

threatening, for example to "seize and sell your personal possessions at Public Auction" when many personal possessions cannot be seized and sold, Defendant is threatening action which is not legally permissible and which Defendant does not actually intend to take.

13. In addition, Exhibit A states that "We demand that the above-mentioned sum to be received in our office within 14 days" and also that "Your failure to respond to our requests could lead to Court imposed sanctions and contempt, and could ultimately lead to the issuance of a bench warrant against you."

14. Immediately thereafter, Exhibit A states that "You can avoid the potential for additional embarrassment and expense brought about by further legal proceedings to enforce this Judgment by simply paying the full balance in full within 14 days or, by immediately contacting our office to set up satisfactory payment arrangements."

15. In fact, only failure to respond to a court order compelling the debtor to appear for a deposition or examination could result in sanctions, contempt or bench warrant. Failure to comply with requests to pay or set up payment arrangements cannot result in sanctions, contempt or a bench warrant.

16. Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(10).

17. Section 1692e provides:

**1692e  False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:….**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any**

> person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken…
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

18. Plaintiff suffered and continues to suffer from emotional distress resulting from Defendant's illegal acts.

19. Plaintiff is entitled to recover actual damages, statutory damages, costs, and reasonable attorney fees.  15 U.S.C § 1692k.

**Invasion of Privacy Intrusion Upon Seclusion**

20. Petrella had a reasonable expectation of privacy in her solitude, seclusion, private affairs and concerns.

21. Defendant intruded into Petrella's solitude, seclusion, private affairs and concerns by sending a letter in the form attached as Exhibit "A".

22. Threatening to seize and sell Petrella's personal possessions at auction, when many personal possessions cannot be seized and sold, is highly offensive to a reasonable person.

23. The threat of a bench warrant if payment wasn't made within fourteen days, when Plaintiff was not in violation of a court order compelling Plaintiff to appear at a deposition or examination, is highly offensive to a reasonable person.

24. Threatening to embarrass Petrella if payment wasn't made within 14 days is highly offensive to a reasonable person.

25. Petrella was harmed by Defendant's conduct including harm to her privacy and emotional distress as detailed above as a result of the invasion of her privacy.

26. Defendant's conduct was a substantial factor in causing Petrella's harm.

27. Defendant's conduct is part of a pattern and practice.

28. Defendant's conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor for all damages to which she is entitled under federal law as follows:

a. Actual damages.

b. Statutory damages.

c. Punitive damages.

d. Nominal damages.

e. Costs and reasonable attorney fees.

f. Such other and further relief as the Court may deem just and proper.

April 27, 2012

Respectfully Submitted,

Jeffrey L. Suher, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. 74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
(412) 374-9005
(412) 374-0799 (fax)
lawfirm@jeffcanhelp.com

**JURY TRIAL DEMANDED**